JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Terrence Thomas appeals from his conviction and sentence for aggravated robbery with a specification, kidnapping with a specification, and intimidation of a crime victim. Because we conclude that Thomas's sole assignment of error is without merit, we affirm the judgment of the trial court.
On August 24, 2001, Thomas and Antonio Mauldin approached Ruth Harvie as she was opening a check-cashing store for the day. They forced her into the store at gunpoint. Thomas pulled her hair and held a gun to the back of her neck. Thomas and Mauldin demanded that Harvie open the store's safe. After Harvie opened the safe, the men bound her arms and legs with tape and took $25,000 from the safe. After going through her purse to find her identification, the men threatened Harvie not to go to the police because they knew where she lived.
Thomas was indicted on two counts of aggravated robbery with specifications, one count of robbery, one count of kidnapping with specifications, and one count of intimidation of a crime witness with specifications. On January 27, 2003, he pleaded guilty to aggravated robbery with a specification, kidnapping with a specification, and intimidation of a crime victim. The trial court sentenced Thomas to terms of ten years for aggravated robbery and kidnapping, three years for the specification to aggravated robbery, and one year for intimidation of a crime victim. The sentence for the specification was made consecutive to the sentence for aggravated robbery, which, in turn, was made consecutive to the sentence for kidnapping. The sentence for intimidation of a crime victim was to be served concurrently with the other sentences.
In an earlier appeal, we affirmed the convictions and sentences except for the consecutive nature of the sentences for aggravated robbery and kidnapping, which we set aside because the trial court had not provided its reasons for imposing the consecutive sentences.[1] The case was remanded for resentencing. Upon remand, the trial court sentenced Thomas to ten-year terms for both aggravated robbery and kidnapping, to a three-year term for the specification to the aggravated-robbery count, and to a four-year term for intimidation of a crime victim. The ten-year terms were themselves concurrent, but they were made consecutive to the three-year term for the specification and the four-year term for intimidation.
In his sole assignment of error, Thomas now asserts that the trial court erred in imposing a consecutive prison term for intimidation. Contrary to Thomas's assertion, the record reveals that the trial court considered all the factors required in sentencing Thomas to consecutive prison terms. After making the preliminary findings required by R.C. 2929.14(E)(4), the trial court found that "the harm was so great or unusual that a single prison term is inadequate." The trial court went on to provide the reasons for its findings. Under R.C. 2953.08(G)(2)(a), if we clearly and convincingly find that the sentence is not supported by the record, we "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing." We conclude that the record supports the trial court's findings under R.C. 2929.14(E)(4).
Because we conclude that the trial court did make the necessary findings and that those findings were supported by the record, Thomas's sole assignment of error is without merit. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] State v. Thomas (Feb. 18, 2004), 1st Dist. No. C-030119.